Filed 5/5/16  P. v. Harvey CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOEL LEVIN HARVEY,<br><br>    Defendant and Appellant. | D068301<br><br><br><br>(Super. Ct. No. SCD254557) |

APPEAL from a judgment of the Superior Court of San Diego County, Steven Stone and Timothy R. Walsh, Judges.  Affirmed.

Appellate Defenders, Inc. and Laurel Simmons, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Joel L. Harvey was charged with violations of Health and Safety Code[1] section 11351 (possession for sale of hydrocodone, count 1), and section 11378 (possession for

---

[1]    All statutory references are to the Health and Safety Code unless otherwise specified.

sale of methamphetamine, count 2). After the court denied his motion to suppress evidence of the 38.28 grams of methamphetamine and 125 tablets of hydrocodone the police seized from his backpack, Harvey pleaded guilty to count 2 in exchange for dismissal of the balance and the district attorney's agreement Harvey would receive no more than two years of local imprisonment. After Harvey pleaded guilty, the court granted the People's motion to dismiss the balance, stayed imposition of sentence, and granted Harvey three years' formal probation on conditions, including that he serve 180 days in county jail.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) indicating she is unable to find any arguable issues for reversal on appeal. Counsel requests this court to review the record for error as required by *Wende*. We granted Harvey the opportunity to file a supplemental brief and he has not responded. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Search, Seizure, Arrest*[2]

In March 2014 San Diego police were patrolling the river bed under the trolley bridge in the area of Friars Road in San Diego. The area is known for having narcotics activity and assaults. There are no legal residences in the river bed.

After hearing rustling in some bushes under the bridge, San Diego police officer Marisela Cooper made contact with Harvey. Harvey, wearing a large backpack, told

---

[2]    This factual background is based on testimony received at the hearing on Harvey's motion to suppress.

Cooper he was living in the river bed.  Harvey was nervous and fidgeting, looking in all directions and scanning the area behind Cooper.

Conducting a pat-down search of Harvey for weapons, Cooper found a pocket knife in Harvey's pocket.  Cooper asked Harvey if he had anything illegal in his backpack.  Harvey said he did not.  Cooper said, "I'm going to check, okay?" to which Harvey replied, "Yes, go ahead."

When Cooper opened Harvey's backpack, she saw a grooming bag.  Cooper opened the grooming bag, which contained 124 pills later identified to be hydrocodone and acetaminophen.  There was a lock box under the grooming bag.  The box was closed but not locked.  Cooper opened the lid, and found three baggies and a bindle containing a crystal substance she recognized as methamphetamine.  Police arrested Harvey.

B.  *Motion to Suppress*

Harvey brought a motion to suppress "[a]ll controlled substances and paraphernalia seized" (italics omitted) in connection with his arrest.  After conducting a hearing where Cooper testified, the court denied the motion.  In denying Harvey's motion to suppress, the court expressly found Cooper's testimony "to be credible."  The court found the pat-down search was lawful, stating:

> "[T]he officer did articulate facts that established a reasonable or
> rational suspicion that the person might be armed.  She, based on her
> own experience, was familiar with this area.  She testified that it was
> unsafe, had been—there had been booby traps, known batteries,
> assaults, and more importantly, she had prior contact in that specific
> area with others who had weapons such as knives.  Based on that
> plus the other facts she stated were that he was fidgety . . . looking
> past the officer . . . the officer did articulate the facts establishing a

3

reasonable or rational suspicion that the person might be armed, which would justify the pat down."

The court also determined Cooper's search of Harvey's backpack was consensual, stating:

"The court would find based on the evidence presented that, in fact, the backpack search was a consensual search in this case, so to the extent the defense says it was not a product of free will, the court disagrees with the defense on that. The court would find that it was a consensual search. He was asked specifically—the issue was raised that I'm going to search the backpack, okay, something along those lines. Yes, go ahead, and then the backpack was searched."

DISCUSSION

As required by *Anders, supra*, 386 U.S. 738, counsel has set forth two possible, but not arguable issues:

1. Did the court properly deny Harvey's motion to suppress evidence?

2. Did the court abuse its discretion during sentencing?

We have reviewed the entire record as mandated by *Wende*, *supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, and have not discovered any reasonably arguable issues for reversal on appeal.

A. *Motion to Suppress*

In reviewing the trial court's ruling on a motion to suppress evidence, "[w]e defer to the trial court's factual findings, express or implied, where supported by substantial evidence." (*People v. Weaver* (2001) 26 Cal.4th 876, 924.) Substantively, we review challenges to the admissibility of evidence obtained by police searches and seizures under federal constitutional standards. (*People v. Ayala* (2000) 23 Cal.4th 225, 254-255.) "In

4

determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment." (*Weaver,* at p. 924.)

Consent is "'one of the specifically established exceptions'" to the Fourth Amendment's warrant requirement. (*People v. Woods* (1999) 21 Cal.4th 668, 674.) "[W]hether consent was voluntary or was the product of coercion on the part of searching officers is a question of fact to be determined from the totality of circumstances." (*People v. Jenkins* (2000) 22 Cal.4th 900, 973.)

There is substantial evidence Harvey voluntarily consented to the search. When Cooper asked whether it was "okay" to search the backpack, Harvey replied, "Yes, go ahead." (See *People v. Chambers* (1969) 276 Cal.App.2d 89, 107 [police officer requested permission to enter an apartment, woman's statement, "Okay. Come on in" constituted voluntary consent].)

B. *Sentencing*

We review the trial court's sentencing decision for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) The court did not abuse its discretion in sentencing Harvey. The conditions of probation are consistent with the plea agreement and 180 days local custody is substantially less than the lower term of 16 months that could have been imposed for violating section 11378. (See § 11378; Pen. Code, § 1170, subd. (h)(1).)

Competent counsel has represented Harvey on this appeal.

5

DISPOSITION

The judgment is affirmed.


                                                     NARES, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.